Chancellor J ames
delivered the decree of the court.
The complainant in this case has brought his bill to recover of the defendants, as surviving administrators of Joseph Porcher, a certain sum of money, amounting to about 175/. being the one half of a. sum which he has paid upon, a judgment obtained against him as executor aforesaid, upon a bond of Benjamin Singleton, Isaac Porcher, and Joseph Porcher, to Alexander Perronneau, dated 22d April, 1756; in which bond complainant alleges that the said Joseph Porcher was co-surety with his testator, and liable to pay his proportion of the same.
Defendants allege that Joseph Porcher was not a co-surety with the complainant’s testator, but that he and Benjamin Singleton were principals, and Joseph Porcher, surejy to them both; they also allege laches in the complainant, and plead to the equitable jurisdiction.
The court will take up first, the question as to the jurisdiction! and on this, it appears that both the executors, *550 and one of the heirs of Joseph Porcher died soon after him; in consequence of which, his estate was delivered up to, ^ie surviving heir, viz. Peter Porcher, who also died in. the year 1793, and the present defendants are his adminis- . tratois. ■
The estate then having past from executors to an heir, and again from an heir to administrators, the chain of le-.-gal representation has been thus broken, so that a single action at law could not have been brought to include all the representatives. This point being disposed of, we will' next consider, 1st. Whether Joseph Porchér has been proved a co-surety? And 2dly, the-ground of laches. Upon the first ground, the complainant’s counsel urges that Benjamin Singleton signed his name first to the bond, and therefore the presumption is, that he was principal, and the other two obligors sureties; but this is not con-elusive ; the bond is joint and several, and neither of the obligors have signed their names, with the addition of the word surety. It might have been given for a joint debt, or regard might not have been paid to the order in which the principals and sureties placed their names. But the evidence, so far as it'goes, seems to prove that the two first obligors were the principals, and the last only a surer ty, for the first payments were made by Benjamin Singleton, viz. from the 18th of June, 1757, until the 6th of February, 1765, inclusive; and probably though his name is not mentioned in the receipt, the payment of the 6th of February, 1765, was made by him. After this, we find that while Benjamin Singleton is still alive, for he did not die till 1776 or 1777, and while he is solvent, Isaac Por-cher comes forward of his own accord, and without any previous application from Mr. Webb, who then held the bond, makes several other payments upon it from the 16th February, 1768, until the 10th May, 1775, inclusive : for v/e think those receipts in 1773, and 1774, wherein the name of the payer is not mentioned, must be set down to him, since both the prior and subsequent receipts were so given. But again, after the death of Éenjamin Singleton, *551 on the 24th of October, 1777, and on tbe 20th of July", 1778, payments were made by Isaac Porchér, and that still voluntarily, and without complaining that he' was only surety to the bond; and during this whole period, without once calling upon Benjamin Singleton, or his representatives, or upon Joseph Porcher, (who died in the year 1770) or his representatives, to contribute their proportion of the bond, although it is not pretended that either they or their estates were insolvent; A strong presumption must arise from all this acquiescence in paying, that Isaac Porcher considered himself under some moral obligation to pay, greater than that by which mere sureties usually conceive themselves to be bound.
Next, as to the ground of laches. It appears that Isaac Porcher died in 1781, and after his death, as Mr. Webb, the then holder of the bond,- was on terms of intimacy with his executor, the present complainant, he did npt apply to him for any further payment; but in the first instance he called on . the executor of Benjamin Singleton, then deceased, and not receiving payment from him, he next applied to Benjamin-Singleton, the younger, who was heir of Benjamin Singleton, the obligor: but even then the heir was suffered to go on wasting the estate of his father, and no suit was instituted until the year 1788, a period of 12 years from the death of the father, and of five years after the peace; and when judgment was obtained upon this suit, it was not entered up. Then another suit was brought against Benj. Smith, surviving executor of Benjamin Singleton, the elder, and judgment obtained in 1791 ; and afterwards a third suit was brought against the same executor for a devastavit, and a judgment obtained; but that was suffered to lie open for a long time,.until in 1798, the execution upon it was returned nulla bona. Thus another period of ten years elapses, making in the whole 22 years, and neither the estate of Isaac Porcher, nor of Joseph Porcher is called upon. But at length in the year 1803, a suit is brought against the complainant as executor of Isaac Porcher, and' *552 judgment is obtained and entered up on the 11th February,-1804; so that from the time the last payment of Isaac Por-cher of the 20th July, 1778 was made, until a suit was instituted against his executor upon this bond, a period of 26 years had passed away. Upon the whole of this case, and of the evidence which has been offered, from the great length of time which has elapsed since the bond was given, being fifty years ; also, from the very singular circumstance, that no application- ever was made- by the original obligee,and those claiming under him, to Joseph Porcher, in his life time, orto his representatives after.his death, it appears that Joseph Porcher- ought not to be considered as a co-surety with Isaac Porcher, but merely a Surety to the bond. Therefore under all the above considerations, arising from the evidence, and from the great laches of the original holders of the bond, and also of the complainant, the court are of opinion that the complainant is not entitled to relief, and that the bill must be dismissed with costs.